UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KNIGHTS OF COLUMBUS,

                       Plaintiff,

-against-

MARCIA CHIAPPONE AND ANDREA HINES COLLINS,

                       Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**INTERPLEADER COMPLAINT**

Plaintiff, Knights of Columbus, by and through its counsel, Rivkin Radler LLP, as and for its Interpleader Complaint, alleges:

## NATURE OF ACTION

1. Knights of Columbus brings this interpleader action to determine the proper beneficiary of a whole life insurance contract it issued on the life of David T. Mereau, which had death proceeds of $27,802.89 payable as of his date of death (the "Death Proceeds").

## THE PARTIES

2. Knights of Columbus is a fraternal benefit society organized and existing under the laws of the State of Connecticut with its principal place of business at 1 Columbus Plaza, New Haven, Connecticut, 06510. Knights of Columbus is a citizen of the State of Connecticut.

3. Upon information and belief, David T. Mereau (the "Decedent"), prior to and at his death, was a resident of the State of New York, residing in Monroe County, New York.

4. Upon information and belief, defendant, Marcia Chiappone, is a citizen of the State of New York, residing in Monroe County, New York at 4481 Buffalo Road, Churchville, New York 14428.

5. Upon information and belief, defendant Andrea Hines Collins, is a citizen of the Commonwealth of Virginia, residing at 13955 Beech Drive, Lanexa, Virginia 23089.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1335 because the Death Proceeds exceed $500 and there are two or more adverse claimants of diverse citizenship who are claiming entitlement to the Death Proceeds.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1397 since defendant Marcia Chiappone resides in this judicial district and pursuant to 28 U.S.C. § 1391 since a substantial part of the events giving rise to the adverse claims occurred in this judicial district.

## FACTS SUPPORTING INTERPLEADER

8. On or about August 9, 1996, Knights of Columbus issued whole life insurance contract number 1981445 insuring the life of the Decedent in the face amount of $25,000 (the "Contract").

9. In his application for the Contract dated August 9, 1996, the Decedent designated his sister, Marcia E. Chiappone, as the primary beneficiary, and his estate as the contingent beneficiary of the Death Proceeds.

10. On July 24, 2004, the Decedent completed a beneficiary designation form in which he designated Faye M. Bryant, his friend, as the primary beneficiary, and Marcia E. Chiappone as the contingent beneficiary.

11. On October 9, 2006, the Decedent completed a beneficiary designation form in which he designated Andrea Anderson Hines Collins, his girlfriend, as the primary beneficiary, and Marcia E. Chiappone as the contingent beneficiary.

12. On July 9, 2007, the Decedent completed a beneficiary designation form again designating Andrea Anderson Hines Collins as the primary beneficiary and Marcia E. Chiappone as the contingent beneficiary.

13. On July 31, 2017, the Decedent completed a beneficiary designation form (the "2017 Designation") in which he designated Marcia E. Chiappone as the primary beneficiary and Shawna Ann Mereau, his daughter, as the contingent beneficiary.

14. The 2017 Designation provides that:

> Any previous beneficiary designation and any optional mode of settlement elected with respect to the death proceeds payable under the above referenced certificate are hereby revoked.

15. Upon information and belief, the Decedent died on August 7, 2017.

16. As a result of the Decedent's death, the Death Proceeds became due and payable to the proper beneficiary.

17. Marcia Chiappone submitted a Claimant's Statement dated August 24, 2017 by which she sought payment of the Death Proceeds.

18. By letter dated September 2, 2017, Andrea Hines Collins contested payment of the Death Proceeds to Marcia Chiappone claiming that the Decedent lacked capacity to execute the 2017 Designation. In the September 2, 2017 letter, Andrea Hines Collins requested payment of the Death Proceeds as the prior designated primary beneficiary.

19. After receiving the September 2, 2017 letter, Knights of Columbus contacted the adverse claimants to see if there could be an amicable resolution of their competing claims and was advised that such a resolution was not possible.

20. There are issues of fact and law that Knights of Columbus cannot determine without the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the Death Proceeds.

21. Knights of Columbus claims no title to, or interest in, the Death Proceeds, other than the recovery of its attorneys' fees, costs, and disbursements, and is ready and willing to pay the Death Proceeds to the person or persons entitled to it, but Knights of Columbus is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by the defendants.

22. Knights of Columbus is ready, willing, and hereby offers to deposit the Death Proceeds, together with accrued interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

**WHEREFORE**, Knights of Columbus requests that the Court enter judgment:

A. Directing Knights of Columbus to pay the Death Proceeds, together with accrued interest, if any, into this Court or with a person duly authorized by this Court to receive it;

B. Directing defendants to interplead their rights to such sum;

C. Restraining and enjoining defendants, and each of them, from instituting any action against Knights of Columbus with respect to the Contract and/or for recovery of the Death Proceeds or any part thereof;

D. Discharging Knights of Columbus from any and all liability to defendants arising out of the matters herein set forth and dismissing Knights of Columbus with prejudice from this action upon payment of the Death Proceeds, with accrued interest, if any, into this Court or as otherwise directed by the Court;

E. Awarding Knights of Columbus its costs, disbursements and attorney's fees; and

F. For such other and further relief as this Court deems proper.

Dated: Uniondale, New York
February 21, 2018

RIVKIN RADLER LLP
Attorneys for Plaintiff
Knights of Columbus
926 RXR Plaza
Uniondale, New York 11556-0926
516-357-3000


By:    <u>s/Norman L. Tolle</u>
        Norman L. Tolle

3900175 v3