**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



KNIGHTS OF COLUMBUS,
        Plaintiff,

v.

**ORDER**
18-cv-6155

MARCIA CHIAPPONE, et al.,
        Defendants.

---

This interpleader action is brought by non-party decedent David T. Mereau's insurance company to determine the rightful beneficiary of his life insurance policy. Compl. (Docket # 1). By letter to the Court dated February 20, 2019, the parties jointly requested an order to release the medical records of David T. Mereau. A teleconference was held on March 7, 2019 and post-conference briefing was submitted on March 15, 2019 addressing this Court's authority to issue such an order. Docket # 32.

Although Ms. Chiappone had signed the Health Insurance Portability and Accountability Act ("HIPAA") authorization forms for the release of decedent's medical records, her authority was granted through the decedent's Advance Medical Directive, "which is only operative during an individual's lifetime and does not extend beyond death." Id. Ms. Chiappone, as decedent's executrix, also "did not take the appropriate steps necessary after the Decedent's death to probate the will or be appointed as administrator of his estate." Id.

1

Pursuant to C.F.R. § 164.512(e)(1)(i), "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding [] [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order". This is particularly so where the records are "material and necessary" to the plaintiff's claims, as decedent's records are here to proving his mental state prior to designating a beneficiary on his life insurance policy. See Sun Life Assur. Co. of Canada (U.S.) v. Gruber, No. 05 Civ. 10194(NRB), 2007 WL 4457771, at *14 (S.D.N.Y. Dec. 14, 2007) ("Under New York law, parties to any contract are presumed to be competent, and a party asserting incapacity has the burden of proving incompetence . . . Mental capacity is determined by a cognitive test: whether the person's mind was so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction." (internal quotation omitted)); McMahon v. New York Organ Donor Network, 161 A.D.3d 680, 681 (N.Y. App. Div. 2018) (referencing "material and necessary" standard).

"It is undisputed that Ms. Chiappone was named as executor of the Will". Docket # 32, at 5. Ms. Chiappone is also a cross claimant in this action. An executrix waives the physician-patient privilege when she files a lawsuit to which decedent's medical records would be relevant, and it is proper to allow those records

2

to be released upon a court order pursuant to C.F.R. § 164.512(e)(1)(i). See Arons v. Jutkowitz, 9 N.Y.3d 393, 409 (N.Y. 2007) ("As an initial matter, a litigant is deemed to have waived the [physician-patient] privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue." (internal quotation omitted)); Hawes v. Golden, No. 03CA008398, 2004 WL 2244448, at *3 (Ohio Ct. App. Sept. 22, 2004) (in wrongful death action, where executrix began lawsuit and decedent's medical conditions were relevant to case, "[t]he trial court properly found that appellant had waived the patient/physician privilege by bringing a wrongful death action"). Furthermore, the request for the release of decedent's medical records is jointly made between the parties, indicating a lack of prejudice to either. See Letter to the Court dated February 20, 2019.

As long as the medical records released are only those relevant to the decedent's mental capacity or other medical conditions at issue, the incursion on the decedent's privacy is outweighed by the interest in resolving this action. See Sherlock v. Fountainebleau, 229 F. Supp. 3d 1277, 1279 (S.D. Fla. 2017) (ordering the parties to submit a joint proposed order in actions for emotional distress damages outlining the medical records to be released, constrained by substantive and temporal relevance, as a

means of "adopting a practical result"). See generally Arons, 9 N.Y.3d at 411 ("Congress enacted HIPAA principally to increase the portability and continuity of health insurance and to simplify administrative procedures so as to reduce health care costs."). Accordingly, it is hereby

**ORDERED** that the parties are to submit to the Court a joint proposed order detailing with specificity (1) the medical records sought to be released, the entities in possession of the medical records, and the time period for which records are sought; (2) the general topics of those medical records; and (3) the records' relevance to this action. The parties can then attach the signed order to subpoenas to be served on the medical providers.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: April 5, 2019
Rochester, New York